RECEIVED
JUL 20 2020
BY: U.S. COURT OF APPEALS

FILED
IN CLERKS OFFICE
2020 JUL 21 AM 11:04
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Aaron Soe
A-075-085-545

    Petitioner,

    v.

Sheriff, Thomas M. Hodgson
of
Brstl Cnty house of Corr.

    Respondent.

Civ No.

## PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Petitioner Aaron Soe petitions this Court for a writ oh habeas corpus to remedy Petitioner's indefinite detention by Respondent.

### JURISDICTION AND VENUE

1. This Court has has subject matter jurisdiction and may grant relief under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. 28 § 1651 (All writs Act), and 28 U.S.C. § 1331 (Federal question). This Court also has jurisdiction to hear this case under the Suspension Clause of Article I of the United States Constitution. INS v. St. Cyr, 533 U.S. 289 (2001).

2. Because Petitioner challenges his custody, jurisdicition is proper in this Court. While the Court of Appeals have jurisdiction to review removal orders through petitions for review, see 8 U.S.C. §§ 1252(a)(1) and (b), the Federal district courts have jurisdiction under 28 U.S.C. § 2241 to hear habeas petitions by noncitizens challenging the lawfulness of their detention. See e.g., Zadvydas v. davis, 553 U.S. 678, 687-88 (2001); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006).

3. Petitioner has exhausted any and all administrative remedies to the extent required by law.

4. Venue is proper in the U.S. District Corut of Massachusetts pursuant to 28 U.S.C. §§ 1391(b) and (e) because a substantial part of the events or omissions giving rise to these claims occurred in this district. All material decisions have been made at the Burlington Field Office of Immigration and Customs Enforcement (ICE), which is located in this district.

### PARTIES

5. Petitioner is a noncitizen who is currently detained by Immigration and customs Enforcement (ICE) at the Bristol County Sheriff's Office in North Dartmouth, Massachusetts.

6. Respondent Sheriff Hodgson, as the legal custodian of Petitioner, has the authority to

release him from this arbitrary prolonged detention.

## FACTUAL ALLEGATIONS

7. Petitioner Aaron Soe was born in Liberia (West Africa).

8. Petitioner entered the United States on or about April 19999. Petitioner has never been in Immigration detention before and this is his first encounter with the Immigration and Customs Enforcement (ICE).

9. Petitioner's criminal history is a follow: back in 2015 and 2018, he was convicted for fraud and distribution of a control substance; and sentenced for 12 months for the first, and 15 months for the latter.

10. Petitioner was taking into immigration custody back in October 11, 2019, and has remained in eversince.

11. He was ordered removed from the United States by an Immigration judge (IJ) back in January 7, 2020, and never appealed the decision to the BIA, rendering said decision as final.

12. Petitioner received his 1st custody review entitled "Decision to Continued Detention" on 4/13/20, and the 2nd on 7/13/20.

13. Petitioner has fully cooperated with ICE's efforts in obtaining his travel documents in any possible ways since January 7, 2020, and has been prolongedly detained ever since.

14. Nonetheless, ICE has been unable to obtain any travel documents fron the Liberian counsulate, thus, unable to remove him
from the United States, and is unlikely to do so in the foreseeable future.

## LEGAL FRAMEWORK

15. In *Zadvydas v. davis*, the Supreme Court held that the statute 8 U.S.C. § 1231(a)(6) does not allowed ICE to detain noncitizens indefinitely while attempting to carry out removal. 553 U.S. 678, 689 (2001). Because of the "serious constitutional problem" posed by indefinite detention, the Court read the statute to limit a noncitizen's detention to "a period reasonably necessary to bring about that alien's removal from the United States." *Id*.

16. The Court also recognizes six months as the "presumptively reasonable period" of post-removal order detention. *Id*. at 71. After six months, once the noncitizen provides "good reason to belive that there is no significant likelihood of remova in the reasonable foreseeable future," the burden shifts to the government to rebut the showing. *Id*. Moreover, as the period of postremoval grows, what counts as the "reasonably foreseeable future" conversly would have to shrink." *Id*.

17. In *Clark v. Martinez*, the Supreme Court held that its ruling in *Zadvydas* applies equally to noncitizens who have never been admitted to the United States. 543 U.S. 371 (2015).

## CLAIM FOR RELIEF

### VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT

18. The foregoing allegations are realleged and incorporated herein.

19. Petitioner's continued detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*. The six months presumptively reasonable period of detention has expired and Petitioner provided good reason to believe that his removal is not significantly likely to occur in the reasonable foreseeable future. Therefore, Respondent lacks authority to continue detaining the Petitioner.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Honorable Court grand the following relief:

a. Assume juridiction over this matter;

b. Issue an order pursuant to 28 U.S.C. § 2243 directing respondent to show cause why this petition should not be granted;

c. Grant the writ of habeas corpus and order Petitioner's immidiate release from custody;

d. Grant any order and further relief as the Court deems just and proper.

Date: Friday, July 17, 2020                         Signature: _____
                                                    Aaron Soe, pro se

## CERTIFICATE OF CERVICE

The Petitioner (Aaron Soe) pro se, hereby certifies that he mailed the original of his habeas corpus petition to the Clerk's Office for the First Circuit District Court in Boston, and copy of the same the Respondent's attorney on Friday, July 17, 2020.